IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CASEY LUCZAK,**

    Petitioner,

v.                                                         Civil Action No. 3:15cv12
                                                             (Judge Groh)

**TERRY O'BRIEN, Warden,**

    Respondent.

## REPORT AND RECOMMENDATION

On February 11, 2015, the *pro se* petitioner, an inmate incarcerated at USP Hazelton in Bruceton Mills, West Virginia, filed a petition under 28 U.S.C. §2241, with a 30-page typed memorandum in support, along with a Motion for Leave to File Excess pages, a Motion for Oral Argument, and a Motion to Arrest Judgment. The Clerk of Court issued a deficiency notice, directing petitioner to file an application to proceed *in forma pauperis* ("IFP") and a copy of his Prisoner Trust Account Report ("PTAR") on court-approved forms within twenty-one days. On February 18, 2015, petitioner paid the $5.00 filing fee.

By separate Orders entered on March 2, 2015, petitioner's motion for leave to file excess pages was granted and his motion for oral argument were denied.

Petitioner is challenging the validity of his conviction in the District of Nevada, and the effectiveness of his trial counsel. This matter is pending before me for an initial review and Report and Recommendation pursuant to LR PL P 2.

### I. Factual and Procedural History

**A. Conviction and Sentence**

The plaintiff entered a plea, without benefit of a plea agreement, to twenty-three counts of wire fraud and one count of false statement, in violation of 18 U.S.C. §§1343 and 1001, after four days of trial in U.S. District Court, District of Nevada.[1]

On May 26, 2010, petitioner was sentenced to 121 months' imprisonment on Counts One, Two, Three, Four, Five, Seven, Eight, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Five, and Twenty-Six, and to 60 months' imprisonment on Count Seven, to run concurrently to the sentences imposed on Counts One, Two, Three, Four, Five, Seven, Eight, Ten, Eleven, Twelve, Thirteen, Fourteen, Fifteen, Sixteen, Seventeen, Eighteen, Nineteen, Twenty, Twenty-Two, Twenty-Four, Twenty-Five, and Twenty-Six. Petitioner also received a term of 5 years supervised release, and was ordered to pay a $2,400 assessment, $4,288,158.74 in restitution; and to forfeit $1,977,500.00.

**B. Direct Appeal**

Petitioner timely appealed, arguing that the district court erred by applying a two-level enhancement for use of "sophisticated means" pursuant to U.S.S.G. §2B1.1(b)(8)(C); the court failed to consider his gambling addiction when it imposed his sentence; and that his sentence was substantively unreasonable. On February 22, 2011, the Ninth Circuit Court of Appeals affirmed the judgment of the sentencing court. (9th Cir. Dkt.# 25-1)(10-10279). Petitioner did not pursue *certiorari.*

**C. §2255 Motion**

On February 28, 2012, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court. It was denied on August 8, 2012. Petitioner's motion for a certificate of appealability was denied on September 27, 2012. Nevertheless, petitioner filed an appeal. By

---
[1] (D. Nev. Dkt.# 107 at 7)(2:08cr161).

Order entered April 9, 2013, the Ninth Circuit Court of Appeals likewise denied a certificate for appealability. (9th Cir. Dkt.# 6)(13-15083).

## II. Claims Raised by the Petitioner[2]

Petitioner alleges that

1) Count Two of his indictment was fatally defective, mandating immediate dismissal of the same, because petitioner is actually innocent; and

2) a conflict of interest via criminal activity by trial counsel precluded him from receiving a fair trial.

As relief, petitioner requests that Count Two of his indictment be immediately dismissed and because trial counsel "conducted active criminal offenses for which he should be indicted," petitioner's conviction(s) must be vacated.

Petitioner contends that he is eligible for relief through the §2255 savings clause, because the sentencing court did not see fit to address the issue of his defective indictment in his §2255 when it denied his motion to vacate.

## III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. §2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence

---

[2] This is the third time petitioner has directly or indirectly attempted to attack his conviction in this district. On January 16, 2013, petitioner filed Luczak v. Brown, Case No. 5:13cv4, a Bivens civil rights action in this court against the U.S. Attorney that prosecuted his case, alleging, *inter alia,* that she had prosecuted him by means of a defective indictment. The case was dismissed as frivolous based on Heck v. Humphrey, 512 U.S. 477 (1994) on May 9, 2013. On March 13, 2013, he filed Luczak v. Farnham, Case No. 1:13cv107, another Bivens action, this time against his privately-retained former defense counsel, for collecting a $230,000 fee from him without preparing a defense, thereby committing the tort of negligence. The case was transferred to the District of Nevada on November 18, 2013 where it was opened as Case No. 2:13cv02362, and dismissed for failure to state a claim on April 14, 2014. Accordingly, thus far, petitioner has filed a total of two civil actions which were dismissed on the grounds of being frivolous, malicious, or failing to state a claim upon which relief may be granted, and he has been listed on the National *Pro Se* Three-Strikes Database.

brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his conviction vacated and sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, his conviction and the imposition of his sentence. In particular, he alleges ineffective assistance of counsel and a "defective" indictment.

Despite petitioner's claim that the savings clause is applicable in his case, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and third elements of Jones, violations of 18 §§U.S.C. 1201(a)(1), 2261(a)(2) and 2261(b) remain criminal offenses and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a §2241 petition.

## IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.** Further, the undersigned recommends that petitioner's pending Motion to Arrest Judgment (Dkt.# 4) be **DENIED as moot.**

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by April 1, 2015**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: March 18, 2015

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE