# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**CASEY LUCZAK,**

    Petitioner,

v.                                  **CIVIL ACTION NO.: 3:15-CV-12**
                                         **(GROH)**

**TERRY O'BRIEN,**

    Respondent.

## MEMORANDUM OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

This matter is before the Court for consideration of the Report and Recommendation ("R&R") of United States Magistrate Judge James E. Seibert. ECF 12. This action was referred to Magistrate Judge Seibert for submission of an R&R by standing order.

On February 11, 2015, the *pro se* Petitioner initiated this case by filing an Application for Habeas Corpus pursuant to 28 U.S.C. § 2241 [ECF 1] and a Motion to Arrest Judgment [ECF 4]. The Petitioner is incarcerated pursuant to a criminal case heard in the United States District Court for the District of Nevada. The district court sentenced the Petitioner on May 26, 2010 after he pleaded guilty. His § 2241 petition raises two grounds for relief. First, the Petitioner argues that the Court must dismiss Count Two of the indictment in his criminal case because he is actually innocent. Second, he asserts he could not receive a fair trial because his trial counsel engaged in criminal activity.

On March 18, 2015, Magistrate Judge Seibert filed his R&R. He recommends that the Court dismiss the petition with prejudice and deny the motion to arrest judgment as moot. The Petitioner timely filed objections to the R&R and a declaration detailing his trial

counsel's alleged criminal activities.

## I. Standard of Review

Under 28 U.S.C. § 636(b)(1), this Court must make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. Thomas v. Arn, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Accordingly, the Court will review *de novo* those portions of the R&R to which the Petitioner objects and the remainder of the R&R for clear error.

## II. Analysis

Generally, a § 2241 petition must concern the execution of a sentence (i.e., the conditions of confinement, commitment or detention) while a § 2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence. See In re Jones, 226 F.3d 328, 332-33 (4th Cir. 2000). Here, the Petitioner is challenging his conviction and imposition of his sentence, not the execution of his sentence. However, a petitioner who seeks to challenge a conviction or the imposition of a sentence may file a § 2241 petition if he demonstrates that § 2255 is an inadequate or ineffective remedy. See id. at 333. In Jones, the Fourth Circuit held that § 2255 is an inadequate or ineffective remedy when three elements are satisfied:

> (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255

2

> motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of §2255 because the new rule is not one of constitutional law.

Id. at 333-34.

Magistrate Judge Seibert recommends dismissing the petition because the Petitioner cannot satisfy the second element of the Jones test. In light of that determination, Magistrate Judge Seibert recommends denying the motion to arrest judgment as moot. In his objections, the Petitioner does not address the Jones test. Rather, he discusses the merits of his petition. He also argues dismissing the petition does not moot his motion to arrest judgment because Federal Rule of Criminal Procedure 34 provides a separate basis for granting it. Finally, he asks the Court to allow him to pursue criminal prosecution of his trial counsel through this petition.

Here, first, because the Petitioner does not contest the recommended finding that he cannot satisfy the second element of the Jones test, the Court reviews this portion of the R&R for clear error and finds none. Indeed, the statutes of conviction remain criminal offenses. Thus, the Court denies the § 2241 petition because the Petitioner has not demonstrated that § 2255 relief is an inadequate or ineffective remedy.

Next, the motion to arrest judgment is procedurally improper. Federal Rule of Criminal Procedure 34(a) states that, "[u]pon the defendant's motion . . . , the court must arrest judgment if the court does not have jurisdiction of the charged offense." Such a motion must be filed "within 14 days after the court accepts a . . . plea of guilty." Fed. R. Crim. P. 34(b). The Petitioner therefore needed to move to arrest judgment in the district court of indictment within fourteen days of his guilty plea. Thus, the Court denies this

motion because it was filed in the wrong venue and, regardless, is untimely.

Finally, the Petitioner cannot initiate a criminal case against his trial counsel. Lopez v. Robinson, 914 F.2d 486, 494 (4th Cir. 1990) ("No citizen has an enforceable right to institute a criminal prosecution."). Accordingly, the Court overrules the Petitioner's objections and adopts the R&R.

### III. Conclusion

Upon careful review of the record, the Court **OVERRULES** the Petitioner's Objections. It is the opinion of this Court that the magistrate judge's Report and Recommendation should be, and is, hereby **ORDERED ADOPTED** for the reasons more fully stated therein. Accordingly, the Court **DISMISSES WITH PREJUDICE** the Petition for Habeas Corpus Pursuant to 28 U.S.C. § 2241 and **DENIES** the Motion to Arrest Judgment.

The Court **DIRECTS** the Clerk to enter judgment in favor of the Respondent.

The Court further **DIRECTS** the Clerk to close this case and strike it from this Court's active docket.

The Clerk is directed to transmit copies of this Order to all counsel of record and the *pro se* Petitioner.

**DATED:** May 8, 2015

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE